United States District Court
District of Massachusetts

```
_____
                               )
JAMES GALLETLY, III            )
         Plaintiff,            )
                               )
         v.                    )      Civil Action No.
                               )      13-10658-NMG
COVENTRY HEALTHCARE, INC.,     )
COVENTRY HEALTHCARE WORKERS    )
COMPENSATION, INC., DAVID YOUNG,)
and CHRISTOPHER WATSON,        )
         Defendants.           )
_____)
```

MEMORANDUM & ORDER

GORTON, J.

Plaintiff alleges that defendants, his employer and former supervisors, unlawfully discriminated against him on the basis of his age when they terminated him.  He also claims breach of contract and two state law torts arising out of the same discriminatory actions.  Defendants now move for partial dismissal.

I.   Background

     A.   Parties

Plaintiff James Galletly, III ("plaintiff") was employed by defendants Coventry Healthcare Workers Compensation, Inc. ("CHWC") and Coventry Healthcare, Inc. ("CHC") (together, "Coventry") between April, 2007 and July, 2010.  During that time, defendant David Young ("Young") served as  CHWC's Chief

-1-

Executive Officer and President and defendant Christopher Watson
("Watson") served as CHWC's Chief Operating Officer.

### B.   Allegations Related to Plaintiff's Claims

Plaintiff began his employment with CHWC in April, 2007 as
Vice President of CHWC's Worker's Compensation Division in
Burlington, Massachusetts.  In August, 2008 he became the manager
of CHWC's Independent Medical Examinations ("IME") unit.

During that time, CHWC maintained a disciplinary policy set
forth in an Employee Handbook ("the Handbook") that called for
the placement of employees who were perceived to be in need of
rehabilitation on a Positive Improvement Plan ("PIP") prior to
termination.  Although plaintiff did not have a written
employment contract, he claims that the Handbook constituted a
contract between CHWC and plaintiff and, in support of that
claim, he noted that he was required to place his own
subordinates on a PIP prior to their termination.

Plaintiff further alleges that he was terminated without
notice and without being enrolled in a PIP in July, 2010.  At the
time of his termination, plaintiff was 58 years old and he claims
that he was replaced by an individual more than five years
younger than he is.

### C.   Jurisdictional Facts

The Court accepts the following allegations as true, for the
purpose of resolving defendants' motion to dismiss for lack of

personal jurisdiction over the individual defendants, Watson and Young.

Defendant Watson served as plaintiff's direct supervisor during the final six months of his employment and, in that role, Watson contacted plaintiff frequently by telephone and email while plaintiff was working at Coventry's office in Burlington, Massachusetts. Defendant Watson also visited plaintiff's office on three occasions during that six-month period in order to provide further supervision to plaintiff. Defendant Watson ultimately terminated plaintiff by telephone, while plaintiff was working in that office.

Defendant Young, in turn, supervised defendant Watson and the individual preceding Watson who acted as plaintiff's direct supervisor. Young visited Coventry's Burlington, Massachusetts office several times each year in order to supervise the overall operations and to meet with senior members of Coventry's staff there.

D.   **Procedural History**

Plaintiff filed the Complaint against defendants in Massachusetts Superior Court for Essex County in December, 2012 alleging four counts. Count I alleges age discrimination in violation of the Massachusetts Anti-Discrimination Statute, M.G.L. c. 151B ("Chapter 151B") against all defendants; Count II alleges breach of contract/reliance against Coventry; Count III

-3-

alleges negligent supervision and retention against Coventry; and
Count IV alleges interference with prospective economic relations
against Young and Watson.

Defendants removed the case to this Court pursuant to 28
U.S.C. §§ 1441 and 1446 in March, 2013 and filed the pending
motion to dismiss shortly thereafter.  This Court heard oral
argument on the motion on July 2, 2013.

II.  **Analysis**

Defendants move to dismiss the claims against Young and
Watson for lack of personal jurisdiction pursuant to Fed. R. Civ.
P. 12(b)(2), and to dismiss Counts II, III, and IV for failure to
state a claim upon which relief can be granted pursuant to Fed.
R. Civ. P. 12(b)(6).

**A.  Dismissal of Defendants Young and Watson for Lack of
Personal Jurisdiction**

Defendants contend that Young and Watson do not have
sufficient contacts with the Commonwealth of Massachusetts to be
subject to the personal jurisdiction of this Court because their
in-state contacts are not sufficiently related to plaintiff's
claims.

**1.  Legal Standard**

On a motion to dismiss for want of personal jurisdiction,
the plaintiff bears the burden of demonstrating that jurisdiction
is 1) statutorily authorized and 2) consistent with the Due
Process Clause of the United States Constitution.  Astro-Med,

-4-

Inc. v. Nihon Kohden Am., Inc., 591 F.3d 1, 9 (1st Cir. 2009).
Because the Massachusetts long-arm statute reaches to the full
extent that the Constitution allows, the Court may proceed
directly to the Constitutional analysis to determine if
defendants have "minimum contacts" with the forum state such that
the "maintenance of the suit does not offend traditional notions
of fair play and substantial justice." Sawtelle v. Farrell, 70
F.3d 1381, 1388 (1st Cir. 1995).

   The First Circuit employs a tripartite analysis to determine
whether the exercise of specific jurisdiction, i.e. personal
jurisdiction over the opposing party for the instant matter, is
appropriate: 1) whether the claims arise out of or are related to
the defendant's in-state activities, 2) whether the defendant has
purposefully availed itself of the laws of the forum state and 3)
whether the exercise of jurisdiction is reasonable under the
circumstances. See Sawtelle, 70 F.3d at 1389; accord Platten v.
HG Bermuda Exempted, Ltd., 437 F.3d 118, 135 (1st Cir. 2006).

   Relevant here, the "relatedness" test is a "flexible,
relaxed" standard that focuses on the nexus between the
plaintiff's claim and the defendant's contacts with the forum
state. Astro-Med, 591 F.3d at 9. The defendant need not be
present in the forum state to conduct activity or cause injury
therein. See id. at 10. In assessing an employee's contacts
with the forum state, employees are

> not to be judged according to their employer's activities
> [but by whether they were] primary participants in the
> alleged wrongdoing intentionally directed at the forum.

See LaVallee v. Parrott-Ice Drink Prods. of Am., Inc., 193 F.
Supp. 2d 296, 301 (D. Mass. 2002).

### 2.  Application

Defendant Watson has had enough contacts with the forum
state that are sufficiently related to the cause of action for
this Court to exercise personal jurisdiction over him.  Other
sessions of this Court have exercised specific jurisdiction over
individual corporate officers where such officers mailed
solicitation letters, placed numerous telephone calls and
personally visited the forum on behalf of their employer.  See,
e.g., Johnson Creative Arts, Inc. v. Wool Masters, Inc., 573 F.
Supp. 1106, 1111 (D. Mass. 1983).  Here, plaintiff alleges that
Watson was his direct supervisor, that Watson personally
supervised Galletly at CHWC's Burlington office approximately
three times in the six months prior to Galletly's termination,
and that plaintiff was terminated by Watson over the telephone
while plaintiff was at CHWC's office in Burlington.

On the other hand, defendant Young's contacts with the
Commonwealth are limited and unrelated to the cause of action and
this Court will decline to exercise specific jurisdiction over
him.  Plaintiff does not allege that he had any personal contact
with Young nor that Young supervised him in any specific manner.

Rather, plaintiff merely claims that, generally, Young conspired to terminate him due to his age and interfered with his relationship with Coventry.  Such vague allegations do not suggest that Young played any specific role in plaintiff's termination and the Court finds that they are insufficient to provide a basis for personal jurisdiction over Young.  <u>See</u> <u>Wang</u> v. <u>Schroeter</u>, No. 11-10009, 2011 WL 6148579, at *5 (D. Mass. Dec. 9, 2011) (court lacked personal jurisdiction over individual defendant where plaintiff's allegations that defendant "failed to pay" him and "terminated" him were insufficient to establish sufficient contacts ).  Similarly, although Young did visit plaintiff's office on several occasions, those visits do not provide a basis for the exercise of specific jurisdiction over Young because he was not plaintiff's direct supervisor at the time nor were the visits otherwise related to plaintiff's claims here. <u>See</u> <u>Interface Group-Massachusetts, LLC</u> v. <u>Rosen</u>, 256 F. Supp. 2d 103, 109 (D. Mass. 2003) (individual defendant's business trips and telephone calls to plaintiff's office were insufficient to establish jurisdiction because they bore no relation to plaintiff's tortious interference claim).

Accordingly, defendant's motion to dismiss for lack of personal jurisdiction will be denied with respect to defendant Watson but allowed with respect to defendant Young.

-7-

**B.    Dismissal of Common Law Claims**

Defendants also contend that plaintiff's common law claims must be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim because they are barred by the exclusivity provision of Chapter 151B.

**1.    Standard of Review**

To survive a motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6), a complaint must contain "sufficient factual matter" to state a claim for relief that is actionable as a matter of law and "plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 667 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  A claim is facially plausible if, after accepting as true all non-conclusory factual allegations, the court can draw the reasonable inference that the defendant is liable for the misconduct alleged.  Ocasio-Hernandez v. Fortuno-Burset, 640 F.3d 1, 12 (1st Cir. 2011).  A court may not disregard properly pled factual allegations even if actual proof of those facts is improbable. Id.  Rather, the relevant inquiry focuses on the reasonableness of the inference of liability that the plaintiff is asking the court to draw. Id. at 13.  When rendering that determination, a court may not look beyond the facts alleged in the complaint, documents incorporated by reference therein and facts susceptible to judicial notice. Haley v. City of Boston, 657 F.3d 39, 46 (1st Cir. 2011).

-8-

### 2.    Exclusivity under Chapter 151B

Under Massachusetts law, Chapter 151B provides the exclusive remedy for employment discrimination "not based on preexisting tort law or constitutional protections."  Charland v. Muzi Motors, Inc., 417 Mass. 580, 586, 631 N.E.2d 555, 559 (1994). Nevertheless, when a plaintiff alleges that a defendant's conduct violates both Chapter 151B and pre-existing common law, the common law claims that are "merely recast versions" of allegations of employment discrimination are barred by Chapter 151B and must be dismissed.  See Green v. Wyman-Gordon Co., 422 Mass. 551, 557-58, 664 N.E.2d 808, 813 (1996) (citing Charland, 631 N.E.2d at 555).

### 3.    Application

Counts III and IV, alleging negligent supervision and interference with beneficial economic relations, appear to be "merely recast versions" of plaintiff's age discrimination claim because plaintiff does not allege any facts to support those claims other than his wrongful termination.  As another Session of this Court put it when addressing a negligent supervision claim:

> The fact that plaintiff describes what he suffered as damages flowing from negligent supervision, rather than from employment discrimination, does not change the essence of his claim which he originally characterized as a discrimination claim.

Choroszy v. Wentworth Inst. of Tech., 915 F. Supp. 446, 450-51

(D. Mass. 1996).  Accordingly, Counts III and IV are barred by the exclusivity provision of Chapter 151B and will be dismissed.

With respect to Count II, however, plaintiff alleges that Coventry breached its obligations under his employment contract. Although the parties dispute whether the Handbook actually constitutes a contract, for the purpose of resolving the instant motion to dismiss the Court will assume that it does.  See Hinchey v. NYNEX Corp., 144 F.3d 134, 141 (1st Cir. 1998) (explaining that question of whether personnel manual constitutes binding contract is reserved for fact-finder and depends upon multiple factors).  Assuming then that the Handbook was a contract, plaintiff's breach of contract claim proceeds as follows: defendant was obligated to afford alternative discipline to plaintiff before terminating him, they failed to do so and therefore breached that contract.  Those allegations do not "merely recast" plaintiff's employment discrimination claim because the breach of contract claim rests on defendant's failure to fulfill its additional obligation to provide initial discipline to plaintiff before termination, rather than its statutory obligation to comply with state law at the time of termination.  Courts have permitted breach of contract claims to proceed alongside employment discrimination claims under similar circumstances, and this Court will do so the same.  See Harrison v. Foodcrafts, Civ. No. 07-10233-RWZ, 2007 WL 3232552, at *3 (D.

Mass. Oct. 30, 2007) (denying dismissal of suit for breach of contract rooted in previous settlement agreement and not in defendant's statutory duties under Chapter 151B); Long v. Am. Int'l Adjustment Co., Inc., Civ. No. 86-0060-MA, 1986 WL 9806, at *2 (D. Mass. Mar. 12, 1986) (same).

Accordingly, defendants' motion to dismiss will be denied with respect to Count II.

### ORDER

In accordance with the foregoing, defendant's motion to dismiss (Docket No. 6)

1)  for want of personal jurisdiction is, with respect to defendant Christopher Watson, **DENIED**, but, with respect to David Young, **ALLOWED**; and

2)  for failure to state a claim upon which relief can be granted is, with respect to Count II, **DENIED**, but, with respect to Counts III and IV, **ALLOWED**.

**So ordered.**

/s/ Nathaniel M. Gorton
Nathaniel M. Gorton
United States District Judge

Dated July 25, 2013

-11-